**Department of Veterans Affairs    VAMHCS POLICY MEMORANDUM 512-00/PS-009**
**VA Maryland Health Care System**
**(VAMHCS)**                                                                                                  **May 2015**

## PATIENT ABUSE

**1. PURPOSE:** To establish the VAMHCS policy on the role of staff members in promoting a safe, therapeutic and positive environment for the care of Veterans or their beneficiaries whether inpatient, outpatient, or in the course of conducting official business. The procedures for reporting and investigating actual or suspected abuse t of Veterans and other beneficiaries are outlined in this policy

**2. POLICY:** It is the policy of the VAMHCS to have 'zero' tolerance for abuse of any Veteran or beneficiary. All Veterans or beneficiaries, regardless of their level of consciousness, orientation, or competency, will be accorded dignity, respect, courtesy and compassion during the course of their interactions with the VAMHCS. VAMHCS employees are required to adhere to the "Standards of Ethical Conduct," VA Regulation, 38 C.F.R. 0.735.11(a), (b); 5 C.F.R. 2635 501 et seq.:

   a. An employee shall not enter into any non-professional relationships, financial transactions, including purchases, sales, or the borrowing or lending of money with Veterans or their friends or relatives acting for them.

   b. An employee shall not, except in the performance of his/her regular duties, aid beneficiaries or claimants in the negotiation of checks or the handling of personal funds other than by identifying them or witnessing their "X" signature.

   c. An employee shall not procure intoxicants or un-prescribed drugs for, or attempt to sell intoxicants or drugs to Veterans.

   d. An employee shall not abuse Veterans, family members or other beneficiaries, regardless of provocation.

**3. DEFINITION:** Patient abuse is defined as any mistreatment or coercion of a Veteran or beneficiary during a hospital admission or during the delivery of outpatient treatment. It includes but is not limited to acts of physical, psychological, verbal, sexual, emotional or financial nature by any employee. (e.g., physical striking of a patient; threatening or intimidating behavior; crossing professional boundaries (Attachment A); insulting remarks toward or about a Veteran; abandonment; neglect; or stealing from, or taking financial or personal advantage of a Veteran.)

**4. RESPONSIBILITIES:**

   a. All **employees** are responsible for avoiding any such action, which could possibly be considered abuse of Veterans.

   b. Any employee witnessing or being told of an act or suspected act of patient abuse **must** immediately notify his/her supervisor (or next level of management if supervisor suspected of abuse). The contacted management official will ensure that the physician responsible for the care of the patient (during non-administrative duty hours the Medical Officer of the Day (MOD)/Administrative Officer of the Day (AOD) is notified as soon as the contacted individual becomes aware of the incident.

**VAMHCS POLICY MEMORANDUM 512-00/PS-009**                             May 2015

    c. **The Patient Safety Specialist/Risk Manager** is responsible for reviewing all allegations of patient abuse and coordinating a preliminary investigation to determine whether the allegation is credible.

5. **ACTION:**

    a. **The employee witnessing or reporting the alleged patient abuse** will usually initiate an incident report in the Electronic Incident Reporting System (EIR). The physician examining the Veteran will fill their section of the EIR and detail the findings of the physical examination in the Veteran's medical record. **No** reference to the completion of an incident report will be made in the Veteran's medical record. If deemed appropriate by the physician, the on duty VA Police Officer may be contacted to take photographic evidence of any physical signs of the alleged abuse. Documentation, to include photographs, will be forwarded to the Patient Safety Specialist/Risk Manager within 24 hours of the alleged abuse. The Patient Safety Specialist/Risk Manager will process the incident in accordance with VAMHCS Policy Memorandum 512-00/PS-006.

    b. **The supervisor** will notify the appropriate Service Chief/Clinical Center Director/ Chief Nurse or designee, of the alleged abuse. He/she will gather the initial facts of the event to ensure that all critical information is reported.

    c. **The supervisor** will immediately consider the alleged abuser for non-punitive reassignment to administrative duties as long as there is no adverse impact on the delivery of patient care. At a minimum, the supervisor will assign the alleged abuser to duties that do not involve the delivery of patient care to the alleged victim, and the supervisor will instruct the alleged abuser to avoid all contact with the alleged victim.

    d. The **Service Chief/Clinical Center Director/ Chief Nurse or designee**, will notify the Director of Patient Safety/Risk Management of any alleged incident of patient abuse, **not later than** the next duty day. If the alleged abuse results in a major injury or the death of the Veteran the Service Chief/Clinical Center Director/ Chief Nurse or designee will **immediately** notify the Chief of Staff. He/she will notify the VAMHCS Director and Patient Safety Special/Risk Manager by whatever means necessary.

    e. **The VAMHCS Director** will determine whether an immediate report of the allegation of patient abuse should be made to the Veterans Integrated Service Network (VISN) Director and Regional Counsel.

    f. **The Director of Patient Safety/Risk Management/designee** will review all information pertinent to the allegation of patient abuse to determine whether the allegation is sufficiently credible to require a Board of Investigation. The Patient Safety Specialist/Risk Manager will coordinate a Board of Investigation as required by VHA Directive 1051, after consulting with the VAMHCS Director who will determine the Board membership and scope of the investigation. The VAMHCS Director is the sole approving official for the implementation of a Board Investigation.

   g. **The Director Patient Safety/Risk Management/designee** will be responsible for ensuring that the Board of Investigation is conducted in accordance with VHA Directives and VAMHCS Policy and procedure as outlined in the Policy Memorandum entitled "Board of Investigations."

   h. Following the Board of Investigation, if a determination is made that disciplinary action is required, it will be taken immediately. The administrative penalty for patient abuse could result in removal. Any employee who witnesses an unkindness, rudeness, or violence of any kind toward a Veteran, and does not promptly report it to the proper authority is also subject to disciplinary action.

   i. Upon vindication of the alleged charges brought forth against an accused employee all references pertaining to investigation and hearing will be omitted from employee's Official Personnel File (OPF) folder and all supervisory ongoing files.

6. **STAFF EDUCATION:**

   a. This Memorandum is to be explained to all new employees, by Human Resources Management during initial entry to service and the employee will then sign Attachment B, <u>Abuse of Patients</u>. The signed statement will be placed in the employee's Official Personnel Folder.

   b. **Supervisors** will ensure that employees are educated about the VA Maryland Health Care System's Policy and procedures related to patient abuse.

7. **REFERENCE(S):**  Joint Commission Current Manuals
                      VHA Handbook 1050.1, subject: National Patient Safety
                          Improvement
                      MP-5, Part I, Chapter 752
                      VA Standards of Ethical Conduct, VA Regulations,
                      Title 38, CFR, Section 0.735-2
                      Title 38, CFR, Section 17.33
                      Title 38, CFR, Section 0.735-11
                      MP-5, Part II, Chapter 8
                      VHA Supplement MP-1, Part I, Change 43
                      VAMHCS Policy Memorandum 512-14/RM-006, subject: Patient
                          Incident Review Program
                      At Personal Risk: Boundary Violations in Professional-Client
                          Relationships; Peterson
                      Subtle Boundary Dilemmas; McQuire
                      Dual Relationships and Professional Boundaries; Kagle and
                          Giebelhausen
                      Master Agreement between the Department of Veteran Affairs
                          and the American Federation of Government Employees

8. **RESPONSIBLE OFFICE:** The Director Patient Safety/Risk Management (00/PS) is responsible for the contents of this policy memorandum.

9. **RESCISSION:** VAMHCS Policy Memorandum 512-00/PS-009 subject: Patient Abuse, dated April 2015.

**VAMHCS POLICY MEMORANDUM 512-00/PS-009**                                      **May 2015**

**10. RECERTIFICATION:** This document is scheduled for recertification on/before the last working day of April 2018.

*[signature]*

ADAM M. ROBINSON, JR. M.D.
Acting Director, VA Maryland Health Care System

ATTACHMENTS:  A – Professional Therapeutic Boundaries
              B – Abuse of Patients

May 2015                      VAMHCS POLICY MEMORANDUM 512-00/PS-009
                                                                 ATTACHMENT A

## PROFESSIONAL THERAPEUTIC BOUNDARIES

1. **BOUNDARIES** are not restraints that stop interaction, but rather are limits that allow for a safe connection between a provider and client. These limits protect the space between the provider's power and the client's vulnerability. When there is a change in these limits, what is allowed in the relationship becomes ambiguous to both the provider and the client.

2. **COMMON ELEMENTS OF ETHICS CODES**

    a. Avoid dual relationships that exploit clients socially, financially, or sexually.

    b. Avoid discriminatory behaviors.

    c. Restrict treatment to your areas of competence. Know your limitations. Refer the client to another professional when it is in the client's best interest.

    d. Respect and safeguard the autonomy of clients.

    e. Hold colleagues accountable for ethical practices.

    f. Consult with other professionals when circumstances dictate. When giving direct client care, get clinical supervision.

    g. Adhere to all state and federal laws that govern client care, such as laws that relate to confidentiality.

3. **DUAL RELATIONSHIPS** develop when providers engage in more than one relationship with a client, becoming provider and friend, employer, teacher, business associate, or sex partner.

**VAMHCS POLICY MEMORANDUM 512-00/PS-009**  May 2015
**ATTACHMENT B**

## ABUSE OF PATIENTS

Do not remove from folder as long as employed by the VA Maryland Health Care System.

This is to certify that I have read and had explained to me the foregoing VAMHCS Policy Memorandum 512-00/PS-009. I have been instructed that patient abuse, verbal, physical, psychological, emotional, sexual or financial in nature by any employee (e.g., physical striking of a patient; threatening or intimidating behavior; crossing professional boundaries, insulting remarks toward or about a patient; abandonment; neglect; or stealing from, or taking financial or personal advantage of a patient), will not be tolerated. I understand that if I am found guilty of this, I may be subject to discipline, up to and including separation from employment.

_____
EMPLOYEE'S SIGNATURE

_____
DATE

B-1

MEMORANDUM OF UNDERSTANDING

The attached Policy Memorandum constitutes an Agreement between the Department of Veterans Affairs Maryland Health Care System (VAMHCS) and American Federation of Government Employees, Local 331 and Local 1923, concerning **VAMHCS POLICY MEMORANDUM 512-00/PS-009, Patient Abuse Policy**

_____
Ellen Russo
Chief Negotiator for VAMHCS

5/12/15
Date

_____
Sandra Emery
VAMHCS Negotiation Member

5/12/15
Date

_____
William Wetmore
Chief Negotiator

5-12-15
Date

_____
Regina Smith
AFGE 1923 Local Negotiation Member

5/12/15
Date

_____
Lawrence Minor
AFGE 331 Local Negotiation Member

5/12/15
Date

_____
Nadine A. Clark
AFGE 1923 Local Negotiation Member

5/12/15
Date

_____
Deanna M. Harris
AFGE 331 Local Negotiation Member

5/12/15
Date