FILED: May 13, 2019

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-1637
(1:17-cv-02163-ELH)

WILLIAM R. LINS

       Plaintiff - Appellant

v.

UNITED STATES OF AMERICA

       Defendant - Appellee

JUDGMENT

In accordance with the decision of this court, this appeal is dismissed. This case is remanded to the district court for further proceedings consistent with the court's decision.

This judgment shall take effect upon issuance of this court's mandate in accordance with Fed. R. App. P. 41.

/s/ PATRICIA S. CONNOR, CLERK

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-1637

WILLIAM R. LINS,

        Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

        Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Ellen L. Hollander, District Judge. (1:17-cv-02163-ELH)

Submitted: April 12, 2019                                Decided: May 13, 2019

Before GREGORY, Chief Judge, and KEENAN and THACKER, Circuit Judges.

Dismissed and remanded with instructions by unpublished per curiam opinion.

Emily C. Malarkey, BEKMAN, MARDER & ADKINS, LLC, Baltimore, Maryland, for Appellant. Robert K. Hur, United States Attorney, Roann Nichols, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William R. Lins appeals from the district court's order dismissing his complaint without prejudice for lack of subject matter jurisdiction. On appeal, we requested supplemental briefing regarding this court's jurisdiction. Although the parties conclude that the district court's dismissal without prejudice was a final, appealable order, we disagree. Finding that the district court's order is interlocutory, we dismiss the appeal.

In his complaint, Lins alleged negligent supervision/retention, in violation of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401(b), 2671-80 (2012) (FTCA), and medical malpractice. His claims arose out of an alleged sexual relationship with his therapist, who worked for the Baltimore Veterans Association Medical Center. The district court granted the Government's motion to dismiss.

The district court found that, in general, Lins' negligent supervision/retention claim was barred by the discretionary function exception. However, the court recognized the possibility that the claim could succeed if the Government "had notice of an illegal act by [Lins' therapist] and failed to respond." Nonetheless, the court ruled that the complaint's allegations did not support such a conclusion. Thus, the court permitted Lins to file an amended complaint should factual support exist or if Lins wished to assert a negligence claim against his therapist's supervisor.

Turning to the vicarious liability claim, the court found that Lins' therapist was acting outside the scope of her employment. The court concluded that the actions taken by the therapist were "personal" and "served no therapeutic purpose." Thus, the court ruled that the therapist's improper actions were not undertaken within the scope of her

2

employment. While the court noted that Lins might be able to state a claim for negligent hiring/supervision or a claim that the sexual relationship was "instituted for a therapeutic purpose and in misguided furtherance of the employer's business," the court ruled that Lins' complaint did not sufficiently allege these causes of action. Thus, the court ruled that it lacked subject matter jurisdiction over the complaint and dismissed the complaint without prejudice. Lins was given three weeks to amend his complaint and was informed that his failure to do so would result in the case being closed. Instead of filing an amended complaint, Lins appealed.

Although both parties agree that the district court's decision was final and appealable, the parties' positions on this court's jurisdiction are not binding on this court. *See Clark v. Cartledge*, 829 F.3d 303, 305 (4th Cir. 2016) ("[This court] review[s] *its* own jurisdiction de novo and must raise the issue sua sponte.") (emphasis in original). We may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). An order dismissing a complaint without prejudice is not an appealable final order if "the plaintiff could save his action by merely amending his complaint." *Domino Sugar Corp. v. Sugar Workers Local Union 392*, 10 F.3d 1064, 1066-67 (4th Cir. 1993).

"[I]f the grounds of the dismissal make clear that no amendment could cure the defects in the plaintiff's case, the order dismissing the complaint is final in fact and therefore appealable." *Goode v. Cent. Va. Legal Aid Soc'y*, 807 F.3d 619, 623 (4th Cir.

3

2015) (internal quotation marks omitted).[1]  In determining whether a dismissal without prejudice is appealable, we examine the facts of each case. *Id.* at 623-24.  In reaching these case-specific determinations, "[w]hat makes [dismissals without prejudice] final or nonfinal is not the speculative possibility of a new lawsuit, but that they 'end the litigation on the merits and leave nothing for the court to do but execute the judgment.'" *GO Comput., Inc. v. Microsoft Corp.*, 508 F.3d 170, 176 (4th Cir. 2007) (quoting *MDK, Inc. v. Mike's Train House, Inc.*, 27 F.3d 116, 119 (4th Cir. 1994)).

In the past, we have relied upon whether the district court dismissed the action in its entirety or merely the complaint; the former dismissal was more likely to be considered final while the latter was not. *See Chao v. Rivendall Woods, Inc.*, 415 F.3d 342, 345 (4th Cir. 2005).  However, more recently, in *Goode*, we recognized this language in *Chao*, but noted that this distinction was just one way of determining if the district court believed that no amendment could cure the defects in the plaintiff's case. 807 F.3d at 624, 629-30 (noting that there was no indication that the dismissal of the "case" rather than the "complaint" was determinative or even "highly probative" of the order's appealability).  In *Goode*, we explicitly "enshrine[d the] salutary rule" that a dismissal for "failure to plead sufficient facts in the complaint" is an interlocutory order,

---

[1] Contrary to the Government's position, we have held that, although *Domino Sugar* and *Goode* involved Fed. R. Civ. P. 12(b)(6) dismissals for failure to state a claim, the same consideration applies to a dismissal for lack of subject matter jurisdiction. We have appellate jurisdiction over such an order only if "the filing of an amended complaint could not have solved the . . . jurisdictional problem in the district court." *Blitz v. Napolitano*, 700 F.3d 733, 738 (4th Cir. 2012).

4

because "the plaintiff could amend the complaint to cure the pleading deficiency." *Id.* at 624.

Moreover, a party's failure to file an amended complaint does not "favor appealability" of the district court's order, as "it is the province of the district court—not of the party seeking an appeal—to indicate that the order is final and appealable." *Goode*, 807 F.3d at 629 (noting that appealing party's decision not to amend and instead to stand on complaint only renders order appealable in unique circumstance, such as where institutional interests of the Executive Branch were involved). While Lins avers that he wishes to "stand on his complaint," his situation is not comparable to *Goode*, and our review of the record does not convince us that amendment would be futile. *See Martin v. Duffy*, 858 F.3d 239, 247-48 (4th Cir. 2017) (stating that, since "district courts have thrice concluded that Martin has been unable to allege sufficient facts to establish a viable claim under the Equal Protection Clause, we find that Martin's pleading deficiency cannot be cured by amendment of his complaint"), *cert. denied*, 138 S. Ct. 730 (2018).

Here, the court explicitly stated that an amendment could cure some of the defects in the complaint, and the court provided Lins two opportunities to amend his complaint. While Lins claims on appeal that he has no further facts to add to his complaint, his allegations ring false as, in district court and in his opening brief on appeal, Lins alleged that the Government was aware of the therapist's actions, without factual support aside from knowledge of an invitation from Lins to his therapist to attend a wedding with him. In fact, in his motion for leave to file a surreply in district court, Lins averred that he had additional facts to support his claims, including testimony from his therapist that the

sexual relationship arose from the therapy.[2] Moreover, the district court suggested that Lins might be able to successfully reframe his causes of action directly against the therapist's supervisors. Given such statements, the order fails to clearly conclude that no amendment could cure the defects in the complaint.

Accordingly, under *Goode*, the order is not a final, appealable order. Thus, we dismiss the appeal for lack of jurisdiction and remand with instructions to either provide Lins another opportunity to amend and/or clearly indicate that further amendments would not cure the complaint's defects and that the dismissal is, thus, with prejudice.[3] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED AND REMANDED WITH INSTRUCTIONS*

---

[2] Following this motion, the district court granted leave to Lins to file an amended complaint, thus indicating that an amended complaint based on the alleged facts may not have been a futile exercise.

[3] Lins claims on appeal that he cannot allege any further facts in good faith. However, such statements, and the resultant waiver of the rights to bring further claims or allege further facts, should be presented to the district court in the first instance.

6

FILED: May 13, 2019

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-1637,   William Lins v. US
1:17-cv-02163-ELH

NOTICE OF JUDGMENT

Judgment was entered on this date in accordance with Fed. R. App. P. 36. Please be advised of the following time periods:

**PETITION FOR WRIT OF CERTIORARI:** To be timely, a petition for certiorari must be filed in the United States Supreme Court within 90 days of this court's entry of judgment. The time does not run from issuance of the mandate. If a petition for panel or en banc rehearing is timely filed, the time runs from denial of that petition. Review on writ of certiorari is not a matter of right, but of judicial discretion, and will be granted only for compelling reasons. (www.supremecourt.gov)

**VOUCHERS FOR PAYMENT OF APPOINTED OR ASSIGNED COUNSEL:**
Vouchers must be submitted within 60 days of entry of judgment or denial of rehearing, whichever is later. If counsel files a petition for certiorari, the 60-day period runs from filing the certiorari petition. (Loc. R. 46(d)). If payment is being made from CJA funds, counsel should submit the CJA 20 or CJA 30 Voucher through the CJA eVoucher system. In cases not covered by the Criminal Justice Act, counsel should submit the Assigned Counsel Voucher to the clerk's office for payment from the Attorney Admission Fund. An Assigned Counsel Voucher will be sent to counsel shortly after entry of judgment. Forms and instructions are also available on the court's web site, www.ca4.uscourts.gov, or from the clerk's office.

**BILL OF COSTS:** A party to whom costs are allowable, who desires taxation of costs, shall file a Bill of Costs within 14 calendar days of entry of judgment. (FRAP 39, Loc. R. 39(b)).

**PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC:** A petition for rehearing must be filed within 14 calendar days after entry of judgment, except that in civil cases in which the United States or its officer or agency is a party, the petition must be filed within 45 days after entry of judgment. A petition for rehearing en banc must be filed within the same time limits and in the same document as the petition for rehearing and must be clearly identified in the title. The only grounds for an extension of time to file a petition for rehearing are the death or serious illness of counsel or a family member (or of a party or family member in pro se cases) or an extraordinary circumstance wholly beyond the control of counsel or a party proceeding without counsel.

Each case number to which the petition applies must be listed on the petition and included in the docket entry to identify the cases to which the petition applies. A timely filed petition for rehearing or petition for rehearing en banc stays the mandate and tolls the running of time for filing a petition for writ of certiorari. In consolidated criminal appeals, the filing of a petition for rehearing does not stay the mandate as to co-defendants not joining in the petition for rehearing. In consolidated civil appeals arising from the same civil action, the court's mandate will issue at the same time in all appeals.

A petition for rehearing must contain an introduction stating that, in counsel's judgment, one or more of the following situations exist: (1) a material factual or legal matter was overlooked; (2) a change in the law occurred after submission of the case and was overlooked; (3) the opinion conflicts with a decision of the U.S. Supreme Court, this court, or another court of appeals, and the conflict was not addressed; or (4) the case involves one or more questions of exceptional importance. A petition for rehearing, with or without a petition for rehearing en banc, may not exceed 3900 words if prepared by computer and may not exceed 15 pages if handwritten or prepared on a typewriter. Copies are not required unless requested by the court. (FRAP 35 & 40, Loc. R. 40(c)).

**MANDATE:** In original proceedings before this court, there is no mandate. Unless the court shortens or extends the time, in all other cases, the mandate issues 7 days after the expiration of the time for filing a petition for rehearing. A timely petition for rehearing, petition for rehearing en banc, or motion to stay the mandate will stay issuance of the mandate. If the petition or motion is denied, the mandate will issue 7 days later. A motion to stay the mandate will ordinarily be denied, unless the motion presents a substantial question or otherwise sets forth good or probable cause for a stay. (FRAP 41, Loc. R. 41).

# U.S. COURT OF APPEAL FOR THE FOURTH CIRCUIT BILL OF COSTS FORM
(Civil Cases)

**Directions:** Under FRAP 39(a), the costs of appeal in a civil action are generally taxed against appellant if a judgment is affirmed or the appeal is dismissed. Costs are generally taxed against appellee if a judgment is reversed. If a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed as the court orders. A party who wants costs taxed must, within 14 days after entry of judgment, file an itemized and verified bill of costs, as follows:
- Itemize any fee paid for docketing the appeal. The fee for docketing a case in the court of appeals is $500 (effective 12/1/2013). The $5 fee for filing a notice of appeal is recoverable as a cost in the district court.
- Itemize the costs (not to exceed $.15 per page) for copying the necessary number of formal briefs and appendices. (Effective 10/1/2015, the court requires 1 copy when filed; 3 more copies when tentatively calendared; 0 copies for service unless brief/appendix is sealed.). The court bases the cost award on the page count of the electronic brief/appendix. Costs for briefs filed under an informal briefing order are not recoverable.
- Cite the statutory authority for an award of costs if costs are sought for or against the United States. See 28 U.S.C. § 2412 (limiting costs to civil actions); 28 U.S.C. § 1915(f)(1) (prohibiting award of costs against the United States in cases proceeding without prepayment of fees).
Any objections to the bill of costs must be filed within 14 days of service of the bill of costs. Costs are paid directly to the prevailing party or counsel, not to the clerk's office.

Case Number & Caption: _____

Prevailing Party Requesting Taxation of Costs: _____

| Appellate Docketing Fee (prevailing appellants): | | Amount Requested: _____ | | | Amount Allowed: _____ | |
|---|---|---|---|---|---|---|
| Document | No. of Pages | | No. of Copies | | Page Cost (≤$.15) | Total Cost | |
| | Requested | Allowed (court use only) | Requested | Allowed (court use only) | | Requested | Allowed (court use only) |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| **TOTAL BILL OF COSTS:** | | | | | | $0.00 | $0.00 |

1. If copying was done commercially, I have attached itemized bills. If copying was done in-house, I certify that my standard billing amount is not less than $.15 per copy or, if less, I have reduced the amount charged to the lesser rate.
2. If costs are sought for or against the United States, I further certify that 28 U.S.C. § 2412 permits an award of costs.
3. I declare under penalty of perjury that these costs are true and correct and were necessarily incurred in this action.

**Signature:** _____    **Date:** _____

## Certificate of Service

I certify that on this date I served this document as follows:

**Signature:** _____    **Date:** _____