**BEKMAN, MARDER, HOPPER, MALARKEY & PERLIN, LLC**
A PLAINTIFF'S TRIAL FIRM

EMILY C. MALARKEY
MALARKEY@MDTRIALFIRM.COM
*ALSO ADMITTED IN WASHINGTON, D.C.

November 7, 2023

The Honorable Ellen Lipton Hollander
United States District Judge
101 West Lombard Street
Baltimore, Maryland 21201

      RE:    William R. Lins v. United States of America
               Civil Action No.: 1:17-cv-02163 ELH

Dear Judge Hollander,

      I write on behalf of the Plaintiff regarding a discovery dispute about the payment of an expert deposition fee. Plaintiff is loathe to bother the Court with this matter, but feels compelled to do so because it is unjust when the U.S. Government argues that it is subject to different rules and standards than private parties appearing before this Court. In addition, the Court's guidance on this issue is necessary because of an upcoming deposition in which this same issue is likely to arise.

      The Government asked to depose Plaintiff's liability expert, Manuel Pacheco, M.D. Dr. Pacheco is an Assistant Professor of Medicine (Psychiatry) at Tufts University Medical Center in Boston. Plaintiff can provide his C.V. should the Court require it. His expert witness fee schedule is attached to this letter. As the Court can see, Dr. Pacheco's rate for record review and testifying in legal matters is $500 per hour, and he requires pre-payment in four hour increments because of the need to cancel his patient appointments and clear his calendar for either a full or half day. His fee is reasonable and consistent with similar physician experts in his field and many others.

      Prior to his April 2023 deposition, counsel for the Government advised that the Government is not able to "pre-pay" for depositions. As such, and as a courtesy to the Government, Plaintiff's counsel's law firm paid Dr. Pacheco's $2,000 invoice to reserve four hours of his time.

      Counsel for the Government deposed Dr. Pacheco for more than three hours and into the fourth hour.

      Plaintiff has requested reimbursement from the Government for the $2,000 invoice the law firm paid. Counsel for the Government has refused and demanded that Plaintiff obtain a revised invoice from Dr. Pacheco for 3 hours and 8 minutes of

his time on the basis that the Government only spent this precise amount of time deposing him. This process would not only require Dr. Pacheco to submit a revised invoice, but then reimburse Plaintiff's counsel's firm once he receives (partial) payment from the Government.

Again, with the utmost respect for this Court's time, Plaintiff seeks a ruling that the Government is required to reimburse his counsel's law firm for the entire $2,000 invoice. The fee is reasonable. Dr. Pacheco had to reserve four hours of time for the deposition. The deposition went into the fourth hour. There is no basis for the Government's refusal to pay the invoice, as it requested the deposition and spent more than three hours and into a fourth hour deposing Dr. Pacheco. Under Local Rule 104(11)(a), the Government is responsible for this cost.

The Court's guidance on this matter is also necessary given that the Government has asked to depose Plaintiff's damage expert, Laura Cooney, Psy.D., and presumably will again refuse "pre-payment," causing this issue to resurface.

Thank you very much for your time and attention to this matter.

Respectfully,

Emily C. Malarkey