IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIAM R. LINS | * | |
| Plaintiff | * | |
| v. | * | Civ. No. ELH-17-2163 |
| THE UNITED STATES OF AMERICA | * | |
| | * | |
| Defendant | | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MOTION TO PRECLUDE AARON JACOBY, PH.D. FROM TESTIFYING
AS AN EXPERT WITNESS AND
MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff, by and through undersigned counsel, moves to preclude Aaron Jacoby, Ph.D. from testifying as an expert witness at the trial of this case, and further moves for partial summary judgment on the issue of liability, and states as follows.

1. As this Court is well aware, this case involves patient abuse perpetrated by Erin Burns, Ph.D., a psychotherapist employed by the Department of Veterans Affairs. The abuse occurred in late 2015 and early 2016 while the Plaintiff, William Lins, was a patient at a residential treatment program for military veterans suffering from post-traumatic stress disorder and drug or alcohol addiction. While providing psychotherapy treatment to Mr. Lins at the Baltimore V.A. Hospital, Dr. Burns coerced him into an inappropriate and abusive sexual

relationship. Mr. Lins sued the U.S. Government for negligent supervision and retention of its agent, Dr. Burns.

2. At the outset of litigation, the Court bifurcated discovery into separate liability and damages phases, based on the Government's representation that it intended to move for summary judgment on the issue of liability. ECF 40. The Government never did so.

3. All discovery is complete, and trial is scheduled to begin on May 6, 2024.

4. The Government has not identified any third party, independent expert witness to testify on either the issue of liability or damages. Instead, it has identified as its sole "hybrid" expert its own employee, Aaron Jacoby, Ph.D., who was Chief Psychologist for the Baltimore V.A. Medical Center at the time of the events giving rise to this action. Dr. Jacoby's conduct has been criticized by Plaintiff's expert witness and is squarely at issue in this litigation. He has been designated to testify as a "hybrid" expert both as to liability (namely, that he and his own employees met the standard of care in their supervision of Dr. Burns) and damages (the impact the abuse had on Mr. Lins' life).

5. Dr. Jacoby should be precluded from testifying as an expert witness at the trial of this case for several reasons.

6. First, Dr. Jacoby has not authored a Rule 26 Report as to either his liability or damages opinions. Although the Government maintains that no report is needed because Dr. Jacoby is a "hybrid" expert witness, the Government is

mistaken. Dr. Jacoby's expected liability and damages opinions were not formed in the course of duty, at the time the underlying events occurred. Instead, they are based on information obtained from counsel in this litigation, and were formed later, in order to defend the Government in this litigation.

7. As such, Federal Rule of Civil Procedure 26(a)(2)(B) required Dr. Jacoby to have authored and signed a written report. He did not. Federal Rule of Civil Procedure 37 thus requires his preclusion.

8. Even if the Court determines that Dr. Jacoby *is* a hybrid expert who was not required to author a Rule 26 report, his liability and damage opinions still should be precluded for additional reasons.

9. First, Dr. Jacoby's liability opinion – namely, that he and the employees he supervised met the standard of care in their supervision of Erin Burns, Ph.D. – is a self-serving, conclusory opinion that offers no help or assistance to the trier of fact, and that improperly passes on the credibility of witnesses. It thus does not meet the requirements of Federal Rule of Evidence 702 and should not be considered by the Court.

10. Second, Dr. Jacoby's damages opinions should be precluded because they were disclosed extremely late, well beyond the Court's deadline for disclosure of damage expert opinions, and even after the close of all discovery.

11. Third, Dr. Jacoby lacks an appropriate factual basis upon which to offer damage opinions, because he has never evaluated, treated, or even spoken to Mr. Lins about his mental health condition, and thus would have no personal

knowledge about Mr. Lins' mental health care or the impact the abuse had on his life. Indeed, any and all information Dr. Jacoby has about Mr. Lins' mental health would have been improperly obtained in violation of Maryland law and federal privacy regulations, which prevent Mr. Lins' psychotherapy records from being disseminated to any individual absent an authorization by the patient. *See* 45 C.F.C. § 164.508(a)(2); MD. CODE, HEALTH-GENERAL § 4-307. No such authorization was ever sought or provided, and the Court should not hear Dr. Jacoby's damages opinions.

12. If the Court agrees with Plaintiff at least that Dr. Jacoby cannot offer liability opinions at trial, then because the Government does not have any other expert who can testify on this issue, the only evidence at trial will be from Plaintiff's expert. The Government will not be able to generate a dispute of material fact on the issue of liability, and summary judgment in Plaintiff's favor is appropriate. FED. R. CIV. PRO. 56.

13. Plaintiff adopts and incorporates the attached Memorandum of Law in support of his Motion To Preclude Aaron Jacoby, Ph.D. From Testifying As An Expert Witness And Motion For Partial Summary Judgment, and all exhibits thereto.

WHEREFORE, Plaintiff respectfully requests that this Court preclude Aaron Jacoby, Ph.D., from offering any liability or damage opinions at the trial of this case. Plaintiff further requests that the Court enter summary judgment in his favor

on the issue of liability, and limit the testimony and other evidence at the trial of this case to the issue of what injuries and damages have been suffered by Plaintiff.

                          Emily C. Malarkey (28197)
                          malarkey@mdtrialfirm.com
                          Bekman, Marder, Hopper, Malarkey &
                                Perlin, LLC
                          1829 Reisterstown Road, Suite 200
                          Baltimore, MD  21208
                          410-539-6633

                          ***Attorneys for Plaintiffs***